**Willie Jo TAYLOR**

v.

**Patricia Roberts HARRIS, Secretary of Health and Human Services**

**Civ. A. No. M–79–10–CA.**

United States District Court,
E. D. Texas,
Marshall Division.

Jan. 14, 1981.

Gary Beckworth, Whitehead & Beckworth, Longview, Tex., for plaintiff.

John H. Hannah, Jr., U. S. Atty., Houston Abel, Asst. U. S. Atty., Tyler, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

JOE J. FISHER, District Judge.

The plaintiff, Willie Jo Taylor, filed this suit under Sections 205(g) and 1631(c)(3) of the Social Security Act (Act), 42 U.S.C. §§ 405(g), 1383(c)(3), seeking judicial review of a final decision of the Secretary of Health and Human Services (Secretary) denying her claims for disability insurance and supplemental security income benefits pursuant to Titles II and XVI of the Act. Both parties have moved the Court for summary judgment.

Upon an examination of the record, it appears that the plaintiff was forty-one (41) years old at the time of the hearing before the administrative law judge (ALJ) and had completed high school. She had worked at various jobs, most involving light to medium manual labor.

■ The plaintiff was not represented at the hearing by an attorney. The lack of counsel at the hearing, as a general rule, does not affect the validity of the Secretary's decision unless the plaintiff shows "clear prejudice or unfairness." *Cross v. Finch*, 427 F.2d 406, 409 (5th Cir. 1970). There must appear to be some "specific harm arising from [her] lack of counsel at the earlier hearing, as distinguished from general allegations of unfairness." *Green v. Weinberger*, 500 F.2d 203, 205 n.2 (5th Cir. 1974). A brief perusal of the transcript of the hearing shows that the plaintiff did not ask a single question of the vocational expert, Dr. Uhler, or of the ALJ. When asked whether she would like to question Dr. Uhler, the plaintiff consistently responded with plaintive assertions of her inability to perform the jobs he had earlier testified she was able to perform.[1] It is obvious to the Court that her failure to conduct any cross-examination of the vocational expert was clearly prejudicial to the plaintiff's claim and probably figured in the ALJ's adverse decision. *See Barker v. Harris*, 486 F.Supp. 846, 849 (N.D.Ga.1980).

The medical testimony available to the ALJ was in conflict. Dr. Coldsnow found only minimal scoliosis on an otherwise normal lumbar spine. Transcript at 109. Dr. Garrett concluded from an examination of X-rays that the plaintiff's lumbar spine was essentially normal and diagnosed a lumbar strain syndrome. Transcript at 111. However, Dr. Mahon found a "definite narrowing of the L–5 interspace" and diagnosed a lumbosacral disc injury and a chronic cervical strain. Transcript at 131.[2] Dr. Chambers' findings were similar to Dr. Mahon's. Transcript at 120.

Here, the ALJ found that "[t]he claimant's allegations of chronic pain were not supported by the record, and therefore are not credible." Transcript at 28.[3] The Court is aware that conflicts in the evidence are to be resolved by the Secretary and not by this Court. *Richardson v. Perales*, 402 U.S. 389, 399, 91 S.Ct. 1420, 1426, 28 L.Ed.2d 842 (1971); *Flowers v. Harris*, 616 F.2d 776, 778 (5th Cir. 1980). However, where the medical evidence is sharply conflicting, as here, the Secretary may not totally discount the plaintiff's repeated assertions of pain as not credible. *See Gaultney v. Weinberger*, 505 F.2d 943, 945 (5th Cir. 1974); *DePaepe v. Richardson*, 464 F.2d 92, 99–100 (5th Cir. 1972).

The plaintiff has submitted to the Court additional medical reports by Dr. Oates which were not considered by the ALJ. His diagnosis was that the plaintiff suffers from a "5th-lumbar radiculopathy," and wrote that his "conclusions here seem ineluctable." Transcript at 13. The fifth circuit has observed that the Act

is to be broadly construed and liberally applied. Consistent with this interpretation of the Act "[c]ourts have not hesitated to remand for the taking of additional evidence, on good cause shown, where relevant, probative and available evidence was either not before the Secretary or was not explicitly weighed and considered by [her], although such consideration was necessary to a just determination of claimant's application."

*Williams v. Califano*, 590 F.2d 1332, 1334 (5th Cir. 1979) (quoting *Cutler v. Weinberger*, 516 F.2d 1282, 1285 (2nd Cir. 1975)). *See also Parks v. Harris*, 614 F.2d 83, 84–85

---

1. A typical example follows:
   ADMINISTRATIVE LAW JUDGE: All right.
   Now, Ms. Taylor, are there any questions that you'd like for me to ask Dr. Uhler before we conclude this hearing?
   CLAIMANT: I don't see how—I'd never be able to stay up all day, you know, I don't, you know, can't stay up all day.
   Transcript at 67.

2. The Secretary's assertion that Dr. Mahon's report was properly ignored by the ALJ be-

cause it was made after the plaintiff's eligibility for disability benefits expired is patently absurd. The Act requires only that the disability begin while the claimant is in insured status, not that the disability be diagnosed during the relevant period. 42 U.S.C. § 423.

3. The Court notes that objective, clinical support for the existence of pain is found in the reports of Drs. Mahon and Chambers referred to above.

(5th Cir. 1980); *Johnson v. Harris*, 612 F.2d 993, 998–99 (5th Cir. 1980).

█ Dr. Oates' conclusions were based on a more thorough-going examination of the plaintiff's history and condition than those of the other physicians. It may well be that his testimony would be sufficient to resolve the conflict in the evidence in favor of disability. On the other hand, the ALJ might have chosen to discount Dr. Oates' testimony had he been presented with it. This uncertainty, combined with the Court's earlier observations concerning the lack of counsel at the hearing and the ALJ's total disregard of the plaintiff's testimony as to pain, is sufficient to bring this case within the doctrine of cumulative error.[4] Although none of the aforementioned errors alone constitutes good cause for remand pursuant to Section 205(g) of the Act, 42 U.S.C. § 405(g), their effect is such that when considered in the aggregate, they demonstrate such cumulative prejudice that a remand is required. It is, therefore,

ORDERED, ADJUDGED and DECREED that this cause is hereby REMANDED to the Secretary for further hearing in conformance with this Memorandum Opinion.

---

4. The doctrine of cumulative error is a necessary corollary of the harmless error rule found in Rule 61 of the Federal Rules of Civil Procedure. That is, while the various errors found by the reviewing court, considered singly, may be harmless, their total effect is such as to prejudice the substantial rights of one or the other of the parties.