642 F.2d 788
 7 Fed. R. Evid. Serv. 1744
 UNITED STATES of America, Plaintiff-Appellee,
v.
34.60 ACRES OF LAND, MORE OR LESS, IN the COUNTY OF CAMDEN,
State of Georgia, Elinor T. Giobbi et al., etc., Defendants,
Sarah T. Van Cleve and Robert B. Van Cleve, Defendants-Appellants.
 No. 79-1342
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Unit B
 April 15, 1981.
 Sarah T. Van Cleve, pro se.
 Robert B. Van Cleve, pro se.
 James W. Moorman, Asst. Atty. Gen., Washington, D.C., Martin W. Matzen, Anne S. Almy, U.S. Dept. of Justice, Washington, D.C., Edmund A. Booth, Jr., Asst. U.S. Atty., Augusta, Ga., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Georgia.
 Before RONEY, TJOFLAT and VANCE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal arises from a condemnation suit brought by the United States against several acres of land on Cumberland Island for the establishment of the Cumberland Island National Seashore under 16 U.S.C.A. §§ 459i et seq. Under that statute, Congress provided that landowners meeting certain conditions could by agreement donate their property to the National Park Foundation and retain a life estate. The landowner appellants here contest the right of the Government to condemn their property because, they contend, they offered to donate their property under the statute, but were improperly refused. As an alternative proposition presented on appeal but not to the trial court, appellants contend the Government could not, consistent with due process and equal protection, condemn the property without first contacting them about the availability of the donative alternative to condemnation. Finding no issue of fact, the district court granted summary judgment against appellants' claim they made a timely offer to donate their property to the National Park Foundation. We affirm.
 
 
 2
 The United States asserted that the landowners had not made any offer to the National Park Foundation prior to January 1, 1973 the cut-off date in the statute. Affidavits were submitted demonstrating the Foundation had no record whatsoever of any offer, written or oral, from the appellants. This evidence would have been admissible at trial, Fed.R.Evid. 803(7), and is "frequently the only way in which a negative fact may be proved." McClanahan v. United States, 292 F.2d 630, 637 (5th Cir.), cert. denied, 368 U.S. 913, 82 S.Ct. 193, 7 L.Ed.2d 130 (1961) (citations omitted).
 
 
 3
 In response, the appellants relied upon repetition of the unverified allegation contained in their answer, neither submitting their own affidavit nor suggesting other evidence that would show either one of them had made an offer to the Foundation prior to January 1, 1973. The law is clear that a party cannot rest on the allegations contained in his pleading in opposition to a properly supported summary judgment motion made against him. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592-1593, 20 L.Ed.2d 569 (1968). Appellants did submit an affidavit of a relative indicating that a retired Park Service employee had made the following statement:
 
 
 4
 About the summer of 1972, the Van Cleves said they wanted to make a deal with the National Park Foundation to stay on Cumberland, but I advised them that the Foundation had been dealing only with owners of large tracts and that they did not have a chance as the house was built after the cut-off date specified in the bill.
 
 
 5
 Appellants submitted the affidavit "merely as evidence as to (their) intent early on to deal with the National Park Foundation not as evidence of the offer." Brief for Appellant at 11 (emphasis in the original). Viewed in the light most favorable to appellants with all reasonable doubt resolved in their favor, Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962), Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc., 479 F.2d 135 (5th Cir. 1973), such an affidavit is not evidence of an offer of the appellants' property to the Foundation. On this record, the district court properly determined there was no genuine issue of fact and granted summary judgment for the United States.
 
 
 6
 Appellants argue an issue not raised or argued to the district court: that the National Park Foundation had a duty, dictated by due process and equal protection considerations, to approach small landowners as well as large landowners and inform them that a life estate might be retained through a donative agreement with the Foundation. Generally, we do not consider issues not raised in the district court. Noritake Co., Inc. v. M/V HELLENIC CHAMPION, 627 F.2d 724, 732 (5th Cir. 1980). In any event, however, the landowners have failed to demonstrate any injury from the alleged breach of duty. The landowners claim they made an offer to donate. Such an assertion shows they were aware of their rights under the statute. They can claim no injury from any failure of the Government to publicize such rights. Cf. Ray Baillie Trash Hauling, Inc. v. Kleppe, 477 F.2d 696 (5th Cir. 1973), cert. denied, 415 U.S. 914, 94 S.Ct. 1410, 39 L.Ed.2d 468 (1974) (a party must show that he has suffered some direct and personal injury resulting from the violation of a right designed to protect that party).
 
 
 7
 AFFIRMED.