**Nelma Lois THORTON,
Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of
Health and Human Services,
Defendant-Appellee.**

**No. 80–2305.**

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1981.

---

Ernest L. Sample, Beaumont, Tex., for plaintiff-appellant.

William J. Cornelius, Asst. U. S. Atty., Tyler, Tex., Gabriel L. Imperato, Social Sec. Div., Dept. of Health and Human Services, Baltimore, Md., Mary K. Biester, Dallas, Tex., for defendant-appellee.

Before GEE, GARZA and REAVLEY, Circuit Judges.

REAVLEY, Circuit Judge:

This is an appeal from a final judgment of the United States District Court for the Eastern District of Texas affirming a decision of the Secretary of Health and Human Services denying Social Security benefits to the appellant, Nelma Lois Thornton.[1] We vacate the judgment of the district court and remand for a determination whether the evidence that the appellant sought to obtain for her hearing before the administrative law judge ("ALJ") warrants another administrative hearing.

Nelma Lois Thornton brought this action in the United States district court to review a final decision of the Secretary of Health and Human Services denying her claim for Social Security supplemental security income and disability insurance benefits. *See* 42 U.S.C. § 405(g). After a review of the

---

1. As docketed in the United States district court, the appellant's last name in the style of the action was spelled "Thorton." A review of the record indicates that the correct spelling of the appellant's last name is "Thornton." Because the title of an appeal in this court is the same as that used in the district court, Fed.R. App.P. 12(a), the appellant's last name is carried as "Thorton" in the caption. We have, however, used the correct spelling, "Thornton," throughout this opinion.

record before him, the district judge affirmed the decision of the Secretary. He concluded that the decision of the Secretary was supported by substantial evidence and that several exhibits, letters from a psychologist and two physicians that either were received in evidence at the administrative hearing or were prepared subsequent to her hearing before the ALJ, did not justify a remand to the Secretary.[2]

In her appeal to this court, Thornton repeats the arguments that she advanced in the district court[3] and adds one more: that the record before the ALJ at the time of her hearing was incomplete. She points in the record to two letters that she had written to the Social Security Administration several months prior to her administrative hearing. In these letters Thornton asked the Social Security Administration to obtain additional medical and psychological records for her because she was unable to do so herself.[4] The record also contains a release that she executed on a form prepared by the Social Security Administration. This

2. The proceedings before the district judge involved a two-step process.

Initially, both the Secretary and the appellant filed motions for summary judgment. The Secretary took the position that substantial evidence was present in the record for an affirmance. Thornton's motion asked the district judge either to award her benefits or to remand her claim to the Secretary for further proceedings. Thornton's motion for summary judgment relied on four letters, two from her psychologist and one each from two physicians. Each letter described her condition. One letter had been introduced into evidence at the hearing before the ALJ; as the three other letters were drafted subsequent to her administrative hearing, they, of course, had not been placed into evidence before the ALJ. The district judge entered an order granting the motion of the Secretary for summary judgment and denying the motion of the appellant. A final judgment was entered affirming the Secretary's decision.

The appellant then filed a timely "Motion for New Trial or in the Alternative to Alter Judgment." *See* Fed.R.Civ.P. 59. In her new trial motion, Thornton again argued that her claim should be remanded to the Secretary for further proceedings. The new trial motion was followed by two other papers, one of which was accompanied by another letter from her psychologist. Like the other letters, this one, too, had been drafted subsequent to her administrative hearing. The district judge then filed a memorandum opinion and order in which he denied Thornton's motion.

3. *See* note 2 *supra.*

4. Once Thornton's claim for benefits had been denied she requested an administrative hearing. Her request was accompanied by a handwritten letter in which she asked the Social Security Administration to contact two medical doctors and a psychologist to obtain evidence in support of her claim for benefits.

Oct. 19

My Name in Nelma Lois Thornton—S.S. No. 452–48–4863

I received papers thru mail to file for a hearing, which I mailed Oct. 5, 1978. The 5 questions which I needed to answer some had yes answers. I called S.S. office and they said I could send the information within 2 weeks or later to the yes answers.

Please write:

Hardin County Outreach Clinic

P. O. Box S

Kountze, Texas 77625

Phone 246–3090

at this address you will need to contact or send forms to

John Tate, M.D.

Psychologist David Garland, M.A.

Also H.A. Hooks, M.D.

P. O. Box 730

Kountze, Texas 77625

Phone—246–3852

needs to be contacted as to the statement in my denial "Unable to do any substantial gainful work because of a *medical* condition which has lasted at least 12 months in a row."

Also H.A. Hooks

P. O. Box 730

Kountze, Texas 77625

is a Hardin County Health Dr.

Nelma L. Thornton

Box 483

Kountze, Texas 77625

Thornton wrote to the Social Security Administration again once she had been notified of the date of her hearing, some 3 months distant. Again she sought help in obtaining her medical and psychological records.

Nov. 7, 1978

Dear Sir or Madam:

I received the papers & information from your department, as to the setting up of my hearing.

As to the present time I am unable physical and mentally to secure all this information at present.

As I answered the questions you asked when I applied for a hearing I gave you these addresses:

Dr. H.A. Hooks

release authorized the Social Security Administration to obtain her records. She now says that despite her requests, and the assurances of the Social Security Administration that they would obtain the additional medical and psychological records, the records were never received in evidence before the ALJ.[5]

Thornton was represented by counsel both before the ALJ and in her civil action in the district court. No objection was made at her administrative hearing and no argument was advanced in the district court that the record before the ALJ was incomplete because it lacked the medical and psychological records that she had requested the Social Security Administration to help her obtain. Thornton's only arguments in the district court were that either the evidence presented to the ALJ warranted a finding that she was entitled to benefits or subsequent medical evidence mandated a remand of her case to the Secretary for further consideration.[6] No district judge, no matter how prescient, no matter how omniscient, possibly could have gleaned from the cold record, motions, and memoranda before him that Thornton's request for additional medical records then availa-ble had gone unanswered.[7] To be sure, Thornton's letters to the Social Security Administration in which she asked for help in obtaining the records of her medical and psychological treatment and diagnosis were included in the record before the district court. So was the release that she had executed. But without the assistance of counsel informing the judge that her psychological and medical records were not obtained and placed before the ALJ, the district judge had no way of knowing that the ALJ had decided Thornton's claim without either securing all medical records then available or informing Thornton that the Social Security Administration would not obtain her records and that she would have to do so herself.[8]

In the usual case, we will not consider on appeal an issue that previously has not been presented to the district judge. *United States v. 34.60 Acres of Land,* 642 F.2d 788, 790 (5th Cir. 1981). This rule, however, is not inflexible and it gives way when necessary to prevent a miscarriage of justice. *In re Corrugated Container Antitrust Litigation,* 647 F.2d 460, 461 (5th Cir. 1981).

---

P. O. Box 730
Kountze, Texas 77625
I wanted him to be asked about my physical condition for the past 12 months & present condition. another address
Hardin County Outreach Clinic
P. O. Box S
Kountze, Texas 77625
At this address I need a form or application for
John Tate, M.D. and
David Garland, M.A.
a psychologist to fill out or answer your questions. I am unable to obtain all this now as to my condition. your asking me to obtain Xerox copies of my Dr's. office notes, present condition, etc. They prefer to mail it to you rather than give me a copy of all the information. I cannot get an attorney right now. I will have to wait a while until I am able to contact one. I will complete the work history & Education as soon as I can concentrate on them & mail them to you.
NELMA L. THORNTON
BOX 483
KOUNTZE, TEXAS
77625

**5.** We understand counsel for the Secretary to have conceded at oral argument that the additional records that the appellant requested the Social Security Administration help her obtain were never received into evidence during the administrative process.

**6.** *See* note 2 *supra.*

**7.** The letters submitted by the appellant as exhibits in the district court either had been submitted to the ALJ or had been drafted *subsequent* to the date of the administrative hearing. *See* note 2 *supra.* By examining the motions and exhibits before him, the district court had no reason to suspect that any relevant evidence then available had not been presented to the ALJ. Moreover, as counsel for Thornton clarified at oral argument, none of the material that Thornton had requested the Social Security Administration to help her obtain for her administrative hearing ever was submitted to the district judge, and neither we nor the district judge know whether that material exists or, if it does, what probative value it has.

**8.** *See* note 7 *supra.*

In the instant case, we are loathe to say that the record before the district judge did not contain substantial evidence to support the decision of the Secretary or that the district judge abused his discretion when he did not remand the claim to the Secretary when the only additional evidence presented to him either had been admitted at the administrative hearing or reflected the appellant's condition *subsequent* to her administrative hearing. Instead, in order to prevent a miscarriage of justice, we conclude only that once the Social Security Administration received Thornton's letters requesting assistance in obtaining specific medical and psychological records, the administrative process should not have proceeded to a final decision without either some assurance from Thornton that she no longer sought to present the records, or notice from the Social Security Administration that it would not obtain the records and that Thornton would have ample time to acquire the records herself and file them with the ALJ for consideration. *See Hess v. Secretary of Health, Education and Welfare*, 497 F.2d 837 (3d Cir. 1974).

We, of course, do not hold that the Social Security Administration is responsible for securing evidence of disability for a claimant. That duty is clearly on the claimant. *Id.* at 840; *see* 20 C.F.R. §§ 404.935, 404.950 (1981). We repeat only what we have said before: that due to the nature of administrative hearings under the Social Security Act, the ALJ has a special responsibility to develop a full and fair record upon which to base his decision. *Ware v. Schweiker*, 651 F.2d 408, 414 (5th Cir. 1981). If, in the instant case, the appellant was prejudiced in light of her request and rea-

sonable expectations, the decision of the Secretary may not stand. Accordingly, we vacate the judgment and remand to the district court for a determination whether the evidence that the claimant sought to acquire and introduce at her administrative hearing warrants a remand to the Secretary. *See Chaney v. Schweiker*, 659 F.2d 676, 678–679 (5th Cir. 1981).[9]

There are few with more compassion for the disabled than the district judge before whom this action was initially heard.[10] We are confident that had counsel for Thornton argued before him the position advocated in this court, he would have addressed the question for which we now remand.

VACATED and REMANDED with instructions.

---

9. Of course, if the district judge decides that a remand is justified, the appellant may present to the ALJ not only the evidence that she originally had intended to introduce but also any other evidence of disability that she has not presented already.

10. *See, e. g., Shelton v. Schweiker*, 510 F.Supp. 191 (E.D.Tex.1981) (Fisher, J.) (reversing decision of the Secretary and awarding disability insurance benefits); *Taylor v. Harris*, 505 F.Supp. 153 (E.D.Tex.1981) (Fisher, J.) (remanding claim for supplemental security in-

come and disability insurance benefits to the Secretary for taking additional evidence when claimant submitted additional medical reports to the district court that previously had not been considered by the ALJ); *Williams v. Harris*, 504 F.Supp. 819 (E.D.Tex.1980) (Fisher, J.) (reversing decision of the Secretary and awarding disability insurance benefits); *McFarland v. Harris*, 499 F.Supp. 550 (E.D.Tex.1980) (Fisher, J.) (reversing decision of the Secretary and awarding supplemental security income and disability insurance benefits).