IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-50270
Summary Calendar

ANA MARIA GONZALEZ

Plaintiff - Appellant

v.

JO ANNE B BARNHART, COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CV-321
- - - - - - - - - -
October 4, 2002

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ana Maria Gonzalez appeals the magistrate judge's affirmance of the Social Security Commissioner's decision to deny her disability benefits. She argues that the administrative law judge (ALJ) failed to fairly and fully develop the record pertaining to her carpal tunnel syndrome by obtaining records of her carpal tunnel syndrome. She also contends that the ALJ erred by failing to order a consultative examination.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that his decision is an informed decision based on sufficient facts." Brock v. Chater, 84 F.3d 726, 728 (5th Cir. 1996). Generally, however, the duty to obtain medical records is on the claimant. See Thorton v. Schweiker, 663 F.2d 1312, 1316 (5th Cir. 1981). Here, the ALJ made numerous inquiries regarding Gonzalez's medical condition and employment history, questioned the claimant regarding her statement that she suffered from carpal tunnel syndrome, and inquired as to whether Gonzalez desired to present additional evidence. We cannot say that the ALJ failed in his duty to fully and fairly develop the record. See James v. Bowen, 793 F.2d 702, 704-05 (5th Cir. 1986). In view of the information in the record, we also cannot say that a consultative examination was necessary to enable the ALJ to make a disability decision. See Anderson v. Sullivan, 887 F.2d 630, 634 (5th Cir. 1989).

In any event, Gonzalez has failed to make a sufficient showing of prejudice. "This Court will not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure." Carey v. Apfel, 230 F.3d 131, 142 (5th Cir. 2000). Although Gonzalez has provided evidence that indicates she suffers from carpal tunnel syndrome, Gonzalez has failed to present any evidence or argument showing that her carpal tunnel syndrome affected her ability to perform her past relevant work.

Because she has failed to show prejudice, her arguments fail.

AFFIRMED.