# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2014

Lyle W. Cayce
Clerk

No. 13-30946
Summary Calendar

WILLIAM SCOTT HUSKEY,

Plaintiff – Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

Defendant – Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:09-CV-00057

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

William Scott Huskey filed an application for Social Security Disability Insurance Benefits in 2006. In 2008, an administrative law judge found him not disabled, but the United States District Court for the Western District of Louisiana remanded for consideration of additional evidence of Huskey's condition during a specified time period. A second administrative law judge

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30946

found him not disabled in 2011, a decision the district court affirmed. Because we conclude substantial evidence in the record supports the decision of the administrative law judge, we AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

Huskey was last employed in 1999 as a maintenance painter and had a long work history in the construction industry. Since 1999, Huskey has suffered from nerve entrapment, pain and weakness from his waist down his left leg, and carpal tunnel syndrome. He also had two surgeries to repair an inguinal hernia that year. Between 1999 and his first administrative hearing in 2007, Huskey and his treating physicians reported moderate success in controlling his pain with medication, but also reported that physical and occupational therapy were only marginally successful. All of the treating physicians suggested his ailments precluded working in construction as he had done in the past. At least two of his treating physicians suggested he could perform light work, while one treating physician and a vocational specialist concluded he could perform little or no work at all.

In 2008, an ALJ determined Huskey was not disabled because, while he could not return to his work in the construction industry, his residual functional capacity permitted him to work in other jobs available in the national economy. Evidence in the record before the ALJ consisted of reports from Huskey's several treating physicians throughout the time period from 2000 to 2007 and an independent neurosurgeon's report on Huskey's medical records. The ALJ also noted that Huskey's own testimony of the severity and pervasiveness of his pain was somewhat less credible in light of the objective medical evidence of his condition in the record. Though the magistrate judge recommended affirming this decision, the district court ordered a remand for gathering more specific evidence, to be presented by or otherwise obtained from

2

a treating physician, of Huskey's condition as of December 31, 2003, the date Huskey was last insured for the purposes of determining his eligibility for benefits. *See* 20 C.F.R. § 404.130(b).

After remand, a different ALJ in 2011 concluded Huskey was not disabled. New evidence included an additional letter from one of Huskey's treating physicians written in 2011. The administrative law judge weighed this evidence against reports from his treating physicians made between 1999 and the end of 2003, ultimately concluding that Huskey's residual functional capacity permitted him to perform some jobs in the national economy. After another report and recommendation by the magistrate judge, the district court affirmed the ALJ's conclusions.

## DISCUSSION

We limit our review of denials of disability benefits by ALJ's to determining whether the ALJ's decision is supported by substantial evidence in the record as a whole and whether the ALJ used the proper legal standards in evaluating the evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1021-22. We do not reweigh evidence, nor do we substitute our judgment for that of the ALJ. *Id.* at 1022.

An applicant for disability benefits has the burden of showing he is disabled. *Id.* The Commissioner of the Social Security Administration uses a five-step, sequential analysis which asks whether: (1) the claimant is currently working, (2) the claimant has a severe impairment, (3) the impairment meets or equals an impairment listed in Appendix 1 of the Social Security regulations, (4) the impairment prevents the claimant from doing past relevant work, and (5) the impairment prevents the claimant from performing any

3

substantial gainful activity. *Id.* The parties agree that Huskey meets the first four steps of the analysis. The only issue on appeal is whether Huskey is capable of performing substantial work.

Huskey makes two arguments in support of his position that the ALJ's decision as to the fifth step was not based on substantial evidence. First, he argues the ALJ did not properly follow the district court's remand order following the first hearing. Second, he argues the ALJ did not give proper weight to the evidence submitted by treating physician Dr. Majors and that he placed too much weight on the report of a non-treating specialist, Dr. Woodrow Janese.

The district court ordered consideration of additional evidence regarding Huskey's condition at the time he was last insured, December 31, 2003. In the second hearing, Huskey presented such evidence in the form of a second letter by Dr. Majors, who had submitted a letter containing her opinion of Huskey's condition at the first hearing. On appeal, Huskey argues the ALJ failed to comply with that order because the letter from Dr. Majors was the only new evidence submitted by a treating physician. Huskey, though, did not raise the issue of the ALJ's compliance with the district court's order before the magistrate judge or the district court. "[W]e will not consider on appeal an issue that previously has not been presented to the district judge" unless such review is "necessary to prevent a miscarriage of justice." *See Thorton v. Schweiker*, 663 F.2d 1312, 1315 (5th Cir. 1981). Huskey has not explained why he did not raise this defect before the district court or how our not considering it would be a miscarriage of justice. Consequently, this argument is waived.

The Commissioner is to give substantial weight to the "opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses." *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). Nonetheless, the ultimate responsibility for

determining a claimant's disability status lies with the ALJ. *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990). The ALJ may make credibility and weight determinations as to all medical opinions. *Id.*

Here, the ALJ reviewed evidence from the first hearing, including reports and records from numerous physicians who treated Huskey for his pain. The latter included Dr. Majors, Dr. Glenn Sholte, and Dr. Donna Holder. A vocational specialist, Richard Galloway, Ph.D., also prepared a report following an interview with Huskey and a review of his work, family, and medical history. He also reviewed a report by a neurosurgeon, Dr. Janese, which was prepared at the direction of the first ALJ in Huskey's first hearing. As discussed above, new medical evidence was another opinion letter from Dr. Majors written in 2011.

The ALJ gave the most weight to the contemporaneous reports of Drs. Sholte and Holder, who made the relevant reports between March 1999 and December 31, 2003, the time specified for consideration on remand from the district court. In addition to determining that evidence was more valuable because of its temporal proximity to the relevant time period, the ALJ specifically noted that Drs. Sholte and Holder were also Huskey's treating physicians. The ALJ further cited the relevant Social Security regulation requiring him to give controlling weight to certain opinions of treating physicians. *See* SOC. SEC. R. 96-2p. Finally, the ALJ determined that Dr. Majors' opinion letters on Huskey's condition "are not supported by her own records, or those of her associates, Drs. Sholte and Holder." Huskey also urges that the ALJ placed too much weight on the report of Dr. Janese, who never examined or treated Huskey. We note, however, that the ALJ stated he did not credit Dr. Janese's report to its full extent but concluded that Dr. Janese's assessment of Huskey's condition ascribed to him a greater residual functional capacity than was supported by other evidence in the record. We cannot

conclude, then, that the ALJ did not give proper weight to the opinion of Huskey's treating physicians or that he gave too much to that of Dr. Janese. *See Myers*, 238 F.3d at 621.

The ALJ's decision denying Huskey disability benefits was supported by substantial evidence in the record as a whole. The decision of the district court upholding that decision is AFFIRMED.