27 C.C.P.A. (Patents)

## ILLINOIS WATCH CASE CO. v. SHULTON, Inc. (two cases).

Patent Appeals Nos. 4275, 4276.

Court of Customs and Patent Appeals.

April 29, 1940.

JACKSON, Associate Judge, and GARRETT, Presiding Judge, dissenting.

Ephraim Banning, of Chicago, Ill., for appellant.

Howard S. Neiman, of New York City, for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

Two appeals are here involved in trademark opposition proceedings instituted by the appellant, Illinois Watch Case Company, owner of the registered trade-mark "Elgin American," issued under the ten-year proviso of section 5 of the Trade-Mark Act of February 20, 1905, as amended, 15 U.S.C.A. § 85.

Opposition No. 16,819 was directed against the application of appellee, Shulton, Inc., to register the trade-mark "Early American" as applied to saponaceous compounds for cleaning the hands, shaving cream, sticks and powder, packages containing soap and towel, soaps and soap powders.

Opposition No. 16,820 was directed against a similar application by appellee to register its same trade-mark as applied to astringents, bleach creams, and many other toilet and, as they are sometimes called, beauty aids.

Both of the said applications of appellee claimed use of the mark since April 2, 1937. Appellant, in its notices of opposition, alleged its belief that it will be damaged by the registration of the mark as applied for, claiming use of its trade-mark for more than forty years last past as applied to one or more of certain novelties, viz., vanity cases, rouge and compact boxes, face powder containers, containers for cold cream, perfumes and other toilet accessories, made of both base and precious metals, and of refills for the containers.

Both parties took testimony in a record common to the two oppositions. The decisions of the Examiner of Interferences are identical in both cases; the decision of the commissioner in Opposition No. 16,820 is based upon the reasons set forth in his decision in Opposition No. 16,819; and upon appeal the cases have been briefed as

one. Therefore, they will be disposed of in a single opinion.

The Examiner of Interferences held that the goods of the parties possess the same descriptive properties and that the word "American" constitutes the major portion of and is of substantially equal prominence in the marks of both parties, and that the marks when considered as a whole are similar in appearance and sound. The examiner also considered that the word "American" is the dominant feature of the mark sought to be registered and believed that the registration of the mark would involve a mere evasion of the geographical clause of section 5, supra, and, accordingly, held this latter clause to be a statutory bar to registration.

In his decision the examiner held that in view of the resemblances between the marks there is at least reasonable doubt that the concurrent use of them in trade upon the respective goods of the parties would be likely to cause confusion, and resolved such doubt against the newcomer. The examiner, accordingly, sustained the notice of opposition and further adjudged that the appellee was not entitled to the registration for which it made application.

The commissioner in his opinion agreed with the Examiner of Interferences that the goods of the respective parties possess the same descriptive properties. The commissioner did not agree with the Examiner of Interferences in his holding that the concurrent use of the involved marks in trade on the goods involved would be likely to cause confusion, and also held that the trade-mark "Early American" does not suggest any present geographical locality or any company whose name appears in the record, and reversed the decision of the Examiner of Interferences.

We agree with the tribunals below in their respective findings that the goods of the parties possess the same descriptive properties. Not only are the goods of the same descriptive properties, but both marks are used upon goods which are identical.

We disagree with the decision of the commissioner in his holding that the concurrent use of the marks of the parties on the goods involved would not be likely to result in confusion as to their origin. The appearance of the marks as a whole is quite similar. The marks each contain the same number of syllables. The two words of each mark are not hyphenated. The first letter of the first word of each mark begins with "E." The last word of each mark is the same. In sound the marks are quite similar. The mark of appellant was registered under the 10-year proviso of section 5 of the Trade-Mark Act of 1905, and, therefore, is presumed to have a secondary meaning other than its geographical significance, which serves to indicate the origin in appellant of its goods in controversy. In advertising the goods of the parties over the radio and in speaking of them the terms would be easily confused, and the difference in meaning which is stressed here, under such circumstances, we think, would not avoid the likelihood of confusion. Certainly there is a grave doubt on the question and, as did the Examiner of Interferences, we think the familiar rule that the doubt should be resolved against the newcomer should be applied. It is almost trite to repeat here what has so often been said by the courts that the field from which to select a desirable trade-mark to indicate the origin of a seller's goods is a broad one. California Packing Corp. v. Tillman & Bendel, Inc., 40 F.2d 108, 17 C.C.P.A., Patents 1048, 1056.

The record shows that the mark "Elgin American" has been used on most of appellant's goods, or those of its predecessors, for nearly half a century and on all of its goods long before appellee adopted its mark, and is one that is well known to the buyers of the goods of the respective parties.

Since it is our view that the marks of the respective parties so nearly resemble each other as to be likely to cause confusion in the sense that the registration statute was intended to prevent, it follows that the mark of appellee should not be registered, and that the oppositions should have been sustained. The decisions of the Commissioner of Patents are reversed.

Reversed.

JACKSON, Associate Judge (dissenting).

I cannot agree that the marks of the respective parties so nearly resemble each other as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers. It is true that each of the marks consists of two words containing six syllables, and the marks differ only in the words "early" and "Elgin." This is a

difference, however, in spelling, sound and meaning.

The trade-mark of appellee surely has a definite and well-established meaning, which is entirely different from any meaning that can be suggested by either of the two component words alone. No one reasonably thinks of a geographical locality when confronted with the words "Early American." To my mind the only sensible significance that could be attached to this expression is that of an era in the distant past of American life and customs. The words conjure up pictures of knee breeches for men and hoop skirts for women, powdered wigs, beauty spots, lavender and old lace, clipper ships, blunderbusses, country dances, handmade furniture, and the countless other things which cause to rise in the American mind thoughts of the American past.

These comments upon the significance attached to the words "Early American" are supported by the exhibits of advertising matter and pictures of goods, of record here on behalf of appellee, which, as stated by the examiner, "stress the use of 'Early American' as referring to the early era of American Colonial history * .* * and bring to· mind the romance, glamour and atmosphere of those days."

While it is true that the meaning of a trade-mark is not controlling, as we held in Kroger Grocery & Baking Co. v. Blue Earth Canning Co., 88 F.2d 725, 24 C.C.P. A., Patents, 1098, nevertheless it should be considered along with the other facts and circumstances in the case, and in this instance it seems to me that the meaning of the mark sought to be registered, together with its spelling and sound, differentiates it sufficiently from the trade-mark of appellant to obviate any reasonable liability that its registration for use as applied for would be likely to cause confusion in the mind of the public or to deceive purchasers.

I can see no likelihood of confusion in the pronunciation of the respective trademarks in radio advertising. They sound entirely different, and radio announcers are noted for their clear enunciation and articulation. Moreover, it is my opinion that in advertising the goods of the appellant stress would be placed on the mark as applied to the articles covered by its registration, namely, jewelry for personal adornment, cigarette cases, vanity cases, card cases and toilet articles made of or plated with precious metal, and flat and hollow tableware, rather than the filling or refills of soap, creams or powders which, to my mind, are incidental to its business.

In my opinion the decision of the commissioner should be affirmed.

·I am authorized to state that the Presiding Judge joins in this dissent.