**William G. HOLLIS, Plaintiff-Appellant,**

v.

**Otis R. BOWEN, M.D., Secretary, Department of Health and Human Services, Defendant-Appellee.**

No. 87–2522
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 7, 1987.

William G. Hollis, pro se.

Samuel Longoria, Frank A. Conforti, Asst. U.S. Attys., Houston, Tex., John M. Gough, Office of the General Counsel, Dallas, Tex., for defendant-appellee.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

PER CURIAM:

Appellant, William G. Hollis, on December 15, 1983, applied for social security disability benefits, 42 U.S.C. § 423, alleging disability dating from March 1, 1983. Adverse decisions by the administrative law

judge and the Appeals Council found him capable of sedentary work, and the decision of the Appeals Council became the final decision of the Secretary of the Department of Health and Human Services. Appellant brought suit for judicial review, 42 U.S.C. § 405(g). The magistrate and the district court found substantial evidence in the record to support the conclusion of the Secretary. After a careful perusal of the record, we affirm.

Our review is based upon a substantial evidence standard. We are to determine whether there is substantial evidence in the entire record to support the decision of the Secretary. *Richardson v. Perales*, 402 U.S. 389, 410, 91 S.Ct. 1420, 1432, 28 L.Ed.2d 842 (1971); *Allen v. Schweiker*, 642 F.2d 799, 800 (5th Cir.1981).

We summarize briefly the evidence contained in the record. Appellant from 1978 to 1982 had several surgical procedures related to serious problems with his back. These procedures were all completed before the time period which is advanced as the justification for the disability payments. During this earlier time he was awarded disability benefits beginning October 31, 1978, and continuing until 1983. There was no appeal when these benefits were terminated so they are not before the Court.

During the period covered by the current application and since the application, appellant's complaint basically is disabling pain plus some obvious limitation of physical motion in his back. Before his hearing, he was examined several times by several doctors who could find no justification for an amount of pain which was totally disabling. After an earlier denial of benefits, the Secretary asked for the case to be remanded from the district court for an inquiry into the possibility of mental illness of the patient. The full procedures of the administrative law judge and the Appeals Council and the decision by the Secretary were then carried out again. There was a finding of no mental illness justifying disability. The finding as to physical disability was that while he was disqualified from his prior work as a cement finisher in the construction industry, he retained the capacity to engage in sedentary work.

Appellant himself testified that he could lift at least 5 pounds, sit for 60 minutes, and stand for 90 minutes at a time. In December 1983, Dr. Fleming, his treating physician, offered as his residual functional assessment the conclusion that appellant could lift or carry up to 10 pounds, stand or walk less than 6 hours a day, sit less than 6 hours a day, and had a somewhat limited ability to perform push/pull maneuvers. He further concluded that appellant would have the capacity for unlimited fingering and feeling and limited reaching and handling. We do not detail other medical opinion rendered at that time because under a substantial evidence standard if the Secretary wishes to credit the conclusions of Dr. Fleming his testimony alone is enough to show residual capacity for sedentary employment.

Simply to avoid a claim of omission of relevant considerations, we also refer to the fact that appellant is missing a finger on one hand. This has been a long standing matter, however, and was carefully evaluated in the tests with a determination that he had adequate manipulative skills to work with his hands.

█ It is agreed by the Secretary that appellant has not worked since March 1983, that he has a "severe" impairment, and that he cannot work in his prior position as a cement finisher. Under the regulations, once it was determined he was physically unable to engage in his prior work, the burden of proof shifted to the Secretary to prove that the claimant is able to engage in gainful employment and is not totally disabled. *Ferguson v. Schweiker*, 641 F.2d 243, 246 (5th Cir.1981).

There is substantial evidence in the record to support the conclusion that the Secretary has carried that burden. The only contrary evidence consists of two one-page form diagnoses by physicians which concluded that appellant is disabled. These were given in October 1986. The Secretary had the right to conclude that these brief statements, unsupported by clinical data, were not persuasive over the much more

detailed diagnoses of Dr. Fleming who had been appellant's treating physician and other doctors. The Secretary had the right to conclude that there was a lack of medical findings to support these opinions, *Jones v. Heckler*, 702 F.2d 616, 621 (5th Cir.1983). The Secretary obviously was entitled to weigh the conflicting evidence. *Barajas v. Heckler*, 738 F.2d 641, 645 (5th Cir.1984). The statute itself provides that the Secretary need consider only those physician statements as to the disabling effect of pain "which may reasonably be accepted as consistent with the medical signs and findings." 42 U.S.C. § 423(d)(5).

■ The conclusion of the Secretary is strongly supported by the established regulations, 20 C.F.R. part 404, subpart P, Appendix 2, § 200.00(a). Table 1 covers residual functional capacity involving "maximum sustained work capability limited to sedentary work as a result of severe medically determined impairment." Rule 201.18 provides that an individual in appellant's age group who is of limited education but able to communicate in English and whose previous work experience is unskilled but whose impairment falls within the "severe" category is not disabled. The critical point is that while appellant has a severe impairment, this impairment is not shown under the substantial evidence rule to make it impossible for him to engage in sedentary work. The vocational expert testified that jobs which appellant could hold include engraving machine operator, publication inspector, electrical equipment inspector, and linen goods classifier.

We find ample evidence in the record to support the Secretary's conclusion that appellant is not disabled within the statutory definition of the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment...." 42 U.S.C. § 423(d)(1)(A). The decision of the district court is

AFFIRMED.