IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10630
Summary Calendar
_____

LEON JACKSON, JR

Plaintiff - Appellant

v.

JO ANNE B BARNHART, COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:98-CV-419
--------------------
January 9, 2003

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Leon Jackson, Jr., appeals the denial of his application for supplemental security income benefits alleging that he was disabled because of back and joint pain. Jackson contends that he carried his burden of proving that he was disabled by pain because it is well known that gout is very painful and he has produced x-ray evidence of degenerative disk disease in his back. He also contends that he has shown two of the four indicia under

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Social Security Ruling (SSR) 88-13, i.e., reduced joint motion and sensory and motor disruption, and that the severity of his pain is demonstrated by the residual functional capacity (RFC) evaluation made by Dr. George Cole.

The record does not support Jackson's contentions. With regard to Jackson's argument regarding the pain associated with gout, the record shows that he did not suffer constantly from gout but that he had attacks of gout. With regard to his back pain, the medical records he cites concerning his degenerative disk disease indicated that there had been no significant change since a prior examination nearly a year earlier. Furthermore, by the time of Jackson's hearing, Social Security Ruling (SSR) 88-13 had been superseded by SSR 96-7P, which requires that the adjudicator consider seven factors in assessing a claimant's statements regarding symptoms and their effects.

The administrative law judge (ALJ) impliedly discredited Dr. Cole's assessment, which found Jackson considerably more disabled than any other physician of record or reviewing physician. Dr. Cole's assessment did not document how he came to the conclusion that Jackson could not perform the listed activities, and Dr. Cole did not appear to have reviewed Jackson's other records. Thus, the ALJ was entitled to give Dr. Cole's opinions less-than-controlling weight. See Greenspan v. Shindala, 38 F.3d 232, 237 (5th Cir. 1994). Because substantial evidence supports the ALJ's determination regarding the credibility of Jackson's complaints

of pain, it is entitled to judicial deference. See <u>Hollis v. Bowen</u>, 837 F.2d 1378, 1384 (5th Cir. 1988).

Jackson also argues that the ALJ did not cite any medical evidence in support of his finding that Jackson retained the ability to perform a full range of sedentary work and that the ALJ misstated Dr. Cole.

Although Jackson is correct that the ALJ misstated Dr. Cole as finding that Jackson's symptoms had "abated," instead of that they were "beginning to abate" with therapy, Jackson's argument that the Commissioner did not carry her burden nonetheless fails. Jackson was 48 years old at the time of the hearing and had only an eighth grade education but was able to communicate in English. The ALJ found that his impairment was severe, but that he was not disabled by pain. Thus, Jackson met the criteria of Rule 201.18. See <u>Hollis v. Bowen</u>, 832 F.2d 865, 867 (5th Cir. 1987). The ALJ may rely on that ruled to determine whether there is other work available that the claimant can perform. See <u>Fraga v. Bowen</u>, 810 F.2d 1296, 1304 (5th Cir. 1987). Because this finding is supported by substantial evidence, Jackson's contention that he did not have the RFP to perform sedentary work lacks merit.

The district court's judgment affirming the Commissioner's denial of benefits is AFFIRMED.