IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 9, 2008

Charles R. Fulbruge III
Clerk

No. 07-40918
Summary Calendar

BRYAN S MUCKELROY

Plaintiff - Appellant

V.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas, Lufkin
USDC No. 9:06-CV-11

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Bryan S. Muckelroy appeals the Social Security Administration's denial of benefits on the basis that he was no longer disabled after January 31, 2005. The district court affirmed. For the reasons below, we also AFFIRM.

An individual is disabled under the Social Security Act if his "physical or mental impairments" preclude him from "engag[ing] in any . . . kind of substantial gainful work which exists in the national economy." 42 U.S.C. §

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

423(d)(2)(A). The administrative law judge ("ALJ") determined that Muckelroy, who suffers from Rheumatoid Arthritis, was disabled from August 1, 2003, to January 31, 2005. Muckelroy's condition, however, markedly improved when he started taking medication. The ALJ found that this improvement allowed him to work various light, unskilled jobs, and, therefore, after January 2005, Muckelroy was not disabled because he could engage in substantial gainful employment in the national economy. "This Court limits its review of a denial of disability insurance benefits to two issues: (1) whether the [Social Security Administration] applied the proper legal standards, and (2) whether the [Social Security Administration's] decision is supported by substantial evidence on the record as a whole." Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992).

After a careful review of the record, we find that the ALJ properly determined that Muckelroy was not disabled after January 2005. In rendering her decision, the ALJ considered the opinion of Muckelroy's treating physician, Dr. Agricel Lugo, and the testimony of a vocational expert. According to Dr. Lugo, Muckelroy's prognosis, since treatment, was "good." Dr. Lugo also found that Muckelroy: (1) could sit, stand, or walk at least six hours a day in a regular eight-hour work day; (2) did not have significant limitations to the use of his hands; and (3) could occasionally lift a maximum of twenty pounds. While Muckelroy might occasionally have "bad days," Dr. Lugo opined that Muckelroy's condition could cause him to miss work only "about once a month." Taking Muckelroy's limitations into account, the vocational expert testified that he could find work as a cashier, an assembler, or an order clerk and that there were 700,000 such jobs in the nation. In light of the above evidence, we find that the ALJ did not err when she found that

Muckelroy, after January 2005, could engage in substantial gainful employment, making him no longer disabled.[1]

Muckelroy's main contention is that he is disabled because he needs medication to work. Muckelroy asserts that he is able to work only with the medication he received free through a special program. Muckelroy contends, however, that he could not qualify for this program if he worked and that the income from any work he could obtain would be insufficient to pay for the medication. In other words, Muckelroy claims that, even if he could work, he would be disabled if he worked.

Muckelroy's argument is foreclosed by our holding in Burnside ex rel. Burnside v. Bowen. 845 F.2d 587 (5th Cir. 1988), abrogated on other grounds by Sullivan v. Zebley, 493 U.S. 521, 527 (1990). In Burnside, we found that an individual whose illness had been managed by medication could not recover benefits on the basis that he needed the benefits to continue medical care to prevent him from becoming disabled. See id. at 592. As with the claimant in Burnside, Muckelroy failed to prove that he was disabled when the ALJ made her ruling, and, therefore, Muckelroy was similarly seeking benefits to prevent a disability. Because Burnside governs here, Muckelroy's argument is unavailing.

AFFIRMED.

---

[1] Muckelroy seemingly challenges the ALJ's finding that he could engage in light work eight hours a day for five days a week. But given the opinions of both Dr. Lugo and the vocational expert, we conclude that this finding is supported by sufficient evidence.

Muckelroy also contends that the ALJ needed to find that he was able to perform a "full range of light work" to conclude that he was not disabled. This is incorrect. To determine whether a claimant is capable of performing gainful employment, the ALJ may rely on administrative guidelines, which the ALJ did here. See Perez v. Heckler, 777 F.2d 298, 301 (5th Cir. 1985). One such guideline, Medical Vocational Rule 202.00(b), states clearly that "[t]he functional capacity to perform a wide or full range of light work . . . generally provides sufficient occupational mobility." 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.00(b) (emphasis added). In light of the vocational expert's testimony, the ALJ properly found that Muckelroy could perform enough light-work jobs so as to disqualify him from being disabled.