**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 02-40072
Summary Calendar

_____

DEBORAH GORE,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF
SOCIAL SECURITY,

Defendant-Appellee.

-----------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-622
-----------------------------------------------------------
October 29, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:*

Deborah Gore, proceeding in forma pauperis and pro se, appeals the district court's

affirmance of the Commissioner's denial of her application for Social Security disability benefits. She

argues that: 1) the Administrative Law Judge ("ALJ") disregarded her diagnosis of exogenous obesity

and the proceeding should be remanded for consideration of new regulations governing obesity; 2)

the ALJ erred in determining her ability to perform sedentary work; and 3) the ALJ erred in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determining the availability of suitable jobs in the economy. Gore has also moved for appointment of counsel.

Generally, "[c]ounsel will be appo inted in civil cases only in exceptional circumstances." Richardson v. Henry, 902 F.2d 414, 427 (5th Cir. 1990); see Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Because of the limited nature of this court's review and Gore's ability to prepare pro se pleadings, we find she is capable of adequately presenting her appeal. Her circumstances are not exceptional, and her motion for appointment of counsel is denied.

"Appellate review of the [Commissioner's] denial of disability benefits is limited to determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990)(citation omitted); Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).

Gore first alleged obesity as an impairment in counsel's request for judicial review in the district court. Although an ALJ has a duty to fully develop the facts, the ALJ's duty does not extend to disabilities not alleged by the claimant or to disabilities not clearly indicated on the record. See Leggett v. Chater, 67 F.3d 558, 566 (5th Cir. 1995). Because Gore did not raise the issue of obesity until she sought review in the district court, and a definitive diagnosis was made by only a single physician before her alleged onset date, she cannot say that she put the issue before the ALJ or that the ALJ improperly disregarded it. For this reason, her remaining obesity related claims are moot.

Gore also argues that the Commissioner erred by determining that she could perform work at a sedentary level, with a sit/stand option, during the relevant period. Based on the medical evidence and Gore's own testimony, we find there was substantial evidence to support the

Commissioner's determination that she could perform such work as of February 3, 1986. See Villa, 895 F.2d at 1021-22.

Gore also argues that the evidence failed to establish the availability of suitable jobs in the economy, and that the ALJ failed to consider past unsuccessful efforts at rehabilitation and employment. We find that there was substantial evidence of the availability of suitable jobs in the economy. Villa, 895 F.2d at 1021-22. Gore has not presented contrary relevant evidence of her abilities during the relevant period; the efforts at rehabilitation she describes occurred before her alleged disability onset date, while the testimony of a former supervisor addressed her abilities after her eligibility for benefits had expired.

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.