Manuel M. VILLA, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, Secretary of
Health and Human Services,
Defendant–Appellee.

No. 89–1721
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 2, 1990.

Chris McCormack, Midland, Tex., for plaintiff-appellant.

James W. Jennings, Jr., U.S. Atty's. Office, San Antonio, Tex., Joseph B. Liken, Asst. Reg. Counsel, HHS–OGC, Dallas, Tex., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for defendant-appellee.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

REAVLEY, Circuit Judge:

Manuel Villa appeals the district court's grant of summary judgment in favor of the Secretary of Health and Human Services ("Secretary"), affirming the denial of his application for disability insurance benefits under Title II of the Social Security Act ("Act"). 42 U.S.C. § 405(g). We affirm.

## I. Background

Manuel Villa was born on July 18, 1928 and was 58 years old on the date of the alleged onset of his disability. He obtained a fourth grade education in Mexico and cannot read, write, or speak English. From 1940 until 1973, Villa worked as an unskilled laborer on farms and ranches, and in construction jobs. In 1973 he was disabled due to back pain. At that time he began receiving Social Security disability benefits, which continued until 1983 when the benefits were terminated. He then worked as an oilfield laborer and later as a construction worker until he was laid off on December 1, 1986. He subsequently began receiving state unemployment benefits.

On April 23, 1987 Villa applied for Social Security benefits, alleging that he became disabled and unable to perform substantial gainful activity as of December 1, 1986, due to pain in his lower back and right leg. On May 27, 1987 Dr. Thomas R. Reid examined Villa on behalf of the Social Security Administration. Dr. Reid found significant evidence of osteoarthritis of the lower spine from x-ray reports. Upon physical examination, however, Dr. Reid found no evidence of atrophy or weakness of the right leg. Reflexes and sensation were essentially normal. Additionally, Villa's range of motion was limited minimally, in that he could perform straight leg raises in both legs and could bend forward, bringing his fingers within one foot of the floor. Based on this examination, Dr. Reid concluded that there were no physical signs to substantiate Villa's complaints of pain from the osteoarthritis. On the basis of Dr. Reid's findings, two other physicians employed by the Disability Determination Service concluded that Villa could lift 25–50 pounds and therefore could continue to perform his previous jobs. The State Disability Division found that Villa was not disabled within the meaning of the Act and denied his application initially and upon reconsideration.

Villa then requested de novo review of his claim by an Administrative Law Judge of the Social Security Administration ("ALJ"). The ALJ conducted a hearing at which Villa was represented by an administrative advocate employed by his counsel. During the hearing Villa testified through an interpreter that he experienced pain in his back and right leg, which affected his ability to walk more than one block. He further stated that he could attend to daily activities only with difficulty. His daughter corroborated his testimony, noting that Villa apparently suffered increasing pain as illustrated by his difficulties in getting out of his truck. Villa, however, also testified that he stopped working because he was laid off rather than because of his ailment and that he did not take any medication for his pain.

After reviewing the evidence, the ALJ found that Villa retained the capacity to perform medium work, which included his former laboring jobs as Villa described them. The ALJ accordingly found that Villa was not disabled within the meaning of the Act and denied his claim for Social Security benefits. The Appeals Council approved the ALJ decision, which became the final decision of the Secretary. Villa then sought judicial review of the decision by the district court, which granted summary judgment in favor of the Secretary. Villa again appeals, claiming that the district court erred in finding the ALJ decision supported by substantial evidence.

## II. Discussion

Appellate review of the Secretary's denial of disability benefits is limited to determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence. *Hollis v. Bowen,* 837 F.2d 1378, 1382 (5th Cir.1988). "Substantial evidence is more

than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir.1983). In applying this standard, we must review the entire record to determine if such evidence is present. *Singletary v. Bowen,* 798 F.2d 818, 822–23 (5th Cir.1986). Yet, "we may neither reweigh the evidence in the record nor substitute our judgment for the Secretary's." *Hollis,* 837 F.2d at 1383.

To be entitled to disability insurance benefits, an applicant must show that he is disabled. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to ... last for a continuous period of not less than twelve months...." 42 U.S.C. § 423(d)(1)(A). Under this provision a "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In assessing whether an applicant is capable of performing any "substantial gainful activity," the Secretary uses a five-step sequential analysis:

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings.

2. An individual who does not have a "severe impairment" will not be found to be disabled.

3. An individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.

4. If an individual is capable of performing the work he has done in the past, a finding of "not disabled" must be made.

5. If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residu-

al functional capacity must be considered to determine if other work can be performed.

*Harrell v. Bowen,* 862 F.2d 471, 475 (5th Cir.1988) (paraphrasing 20 C.F.R. § 404.1520(b)-(f) (1988)). A disability determination at any point in the five-step process is conclusive and terminates any further analysis. *Id.*

The ALJ found that Villa was not working and that while the impairment was severe, it was not "severe enough to meet or equal an impairment listed in Appendix 1...." The ALJ then determined that Villa was not disabled at the fourth stage, finding that he retained the residual functional capacity to perform his prior work as a laborer. Villa challenges this decision on two grounds. He claims (1) that the ALJ improperly found that his former work was medium in nature; and (2) that the record does not contain substantial evidence to support the finding that he is capable of performing the work of a laborer.

*A. Past Relevant Work*

■ To determine whether Villa could perform his former work as a laborer, the ALJ was required to assess the physical demands of those jobs. *See Hollis,* 837 F.2d at 1386. This determination may rest on descriptions of past work as actually performed or as generally performed in the national economy. *See Jones v. Bowen,* 829 F.2d 524, 527 n. 2 (5th Cir.1987). ALJs may take notice of job data in the *Dictionary of Occupational Titles* ("DOT"), which reflects the exertional requirements of a job as performed in the national economy. *See* 20 C.F.R. § 404.1566(d)(1).

■ Villa points out that in the DOT the job of laborer is considered very heavy work. However, the ALJ's conclusion that Villa's former work was medium in nature was based on Villa's descriptions of his jobs as indicated in his Vocational and Disability Reports. A job is considered "medium work" if it "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). The ALJ found that Villa's work was medi-

um because the job descriptions indicated that Villa frequently had to lift 25 pounds, but did not indicate that Villa was ever required to lift more than 50 pounds.

Villa contends that the ALJ erred in relying on the Vocational and Disability Reports in determining the physical exertion requirements of his former jobs. Villa notes that the forms were filled out in English, presumably by an administrative representative. Although signed by Villa, there is no indication that the answers were translated to him in Spanish or that they accurately described the work he had done. He also points out that while he identified lifting requirements in the medium range, the description of his actual tasks are commensurate with the tasks of construction workers and farmhands, whose work is classified as "heavy." Internal inconsistencies are also apparent—some reports indicated that he was required to lift a maximum weight of 20 pounds, yet also indicated that he was frequently required to lift 25 pounds. Villa claims that by failing to resolve these inconsistencies through in depth questioning, the ALJ neglected his duty to develop a full administrative record.

While these inconsistencies suggest that a further inquiry may have been warranted, Villa has failed to provide evidence that the reports contain inaccurate or misleading information about the requirements of his past jobs or that he was ever required to lift more than 50 pounds.[1] Moreover, although Villa was represented by an administrative advocate at the hearing, there was no attempt to show that he did not understand what had been written in the reports, nor were the documents challenged at the administrative level.

While an ALJ has a duty to make a sufficient inquiry into a claim, *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir.1984); *Thorton v. Schweiker*, 663 F.2d 1312, 1316 (5th Cir.1981), it is an applicant's burden to prove an inability to perform former work, *Hollis*, 837 F.2d at 1386. This burden extends to the exertional requirements of his work as a laborer. The ALJ made its determination on the basis of documents signed by Villa and left unchallenged by his counsel. In the absence of record evidence indicating that Villa's actual job duties required more than "medium" exertion, we believe the ALJ properly found his past relevant work medium in nature.

## B. Ability to Perform Medium Work

Villa claims that even if his former work was properly found medium in nature, there is insufficient evidence to support the ALJ's finding that he had the residual functional capacity to perform medium work. Residual functional capacity represents an individual's remaining ability to perform particular activities despite the limitations imposed by an individual's impairment. 20 C.F.R. § 404.1545 (1989). During hearings, the responsibility for making this determination rests with the ALJ. *Id.* § 404.1546.

In his first claim of error, Villa points out that the ALJ primarily rested his conclusion on residual functional capacity assessments that were made by two non-examining physicians rather than the examining physician. Villa contends that the reports of non-examining physicians do not

---

1. Villa points to the following testimony, elicited by the administrative advocate, in claiming that he had to lift greater than 50 pounds:

Q. You have never done any other kind of work other than what's on here?
A. That is all I have ever done.
Q. Did every one of these jobs require you to lift more than fifty pounds a day?
A. No, ma'am.

While Villa's denial that all his former jobs required that he lift greater than 50 pounds leaves open the possibility that some jobs might have required such lifting, this suggestion, which was left unexplored by the administrative advocate, does not alone refute the ALJ's finding that he was not required to lift more than fifty pounds.

In his motion for summary judgment before the district court, Villa noted that one of his duties as a laborer was to use a wheelbarrow to move dirt. He then presented evidence that a cubic foot of dirt weighs at least 80 pounds and suggested that this indicates his lifting requirements exceeded the maximum for medium work. However, because this evidence was never presented at the administrative level, we are not entitled to consider it. *Lovett v. Schweiker*, 667 F.2d 1, 2 (5th Cir.1981).

provide substantial evidence as a matter of law. While that may be true when the reports of non-examining physicians constitute the sole medical evidence presented, *see Johnson v. Harris,* 612 F.2d 993, 996–98 (5th Cir.1980), or when a non-examining physician makes specific medical conclusions that either contradict or are unsupported by findings made by an examining physician, *see Lamb v. Bowen,* 847 F.2d 698, 703 (11th Cir.1988); *Strickland v. Harris,* 615 F.2d 1103, 1109–10 (5th Cir. 1980), this case presents neither of those situations. The examining physician, Dr. Reid, specifically found that his examination did not confirm Villa's complaints and that the arthritis did not cause extreme functional limitations. These findings support the conclusions of the non-examining physicians. We believe an ALJ may properly rely on a non-examining physician's assessment when, as in this case, those findings are based upon a careful evaluation of the medical evidence and do not contradict those of the examining physician. *See Ransom v. Heckler,* 715 F.2d 989, 993–94 (5th Cir.1983) (upholding use of non-examining physician's opinion in equivalency determination).

Villa next contends that the ALJ improperly rejected his allegations of subjective complaints and functional limitations as not being credible. The ALJ found Villa's subjective complaints less than credible on the following grounds:

1. the claimant takes no medication for the relief of alleged severe pain;

2. the claimant worked for years with and despite impairment(s) that he now alleges are disabling, but there is no evidence that the claimant's impairment(s) worsened at or near the time work was ceased;

3. the claimant left or ceased work for reasons other than his impairment;

4. there are no medical opinions in the record that state or imply that the claimant would have been precluded or prevented from performing the level of exertion identified;

5. there has been insufficient medical evidence to show that the claimant has been following a regular course of prescribed treatment;

6. observations of the claimant's demeanor at the hearing.

■ Villa first contends that the ALJ could not properly consider his failure to take medication for his pain or his failure to follow a prescribed course of treatment as grounds for finding his complaints incredible because both failings were prompted by his indigence. This argument rests on caselaw holding that although a condition that can be remedied by treatment is not disabling, a person unable to afford such treatment is considered disabled. *See Lovelace v. Bowen,* 813 F.2d 55, 59 (5th Cir.1987); *Taylor v. Bowen,* 782 F.2d 1294, 1298 (5th Cir.1986). These cases, however, are not controlling because there is no record evidence, besides Villa's testimony, that he would be disabled with or without regular medical treatment. Accordingly, the ALJ was not precluded from relying upon the lack of treatment as an indication of nondisability.

■ Villa finally contends that the ALJ improperly considered Villa's demeanor during the hearing in deciding that Villa could perform his former work. While exclusive reliance upon demeanor in credibility determinations is inappropriate, *see Lovelace,* 813 F.2d at 59–60, it is not reversible error for an ALJ to consider demeanor as one of several factors in evaluating a claimant's credibility, *cf. Burnside ex rel. Burnside v. Bowen,* 845 F.2d 587, 592 (5th Cir.1988). As demeanor was but one of six reasons for finding Villa's complaints incredible, consideration of that factor was not improper.

■ Subjective evidence need not take precedence over objective evidence. *See Hollis,* 837 F.2d at 1385. Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence. *Id.* at 1384; *Jones,* 829 F.2d at 527. Finding substantial evidence to support the denial of Villa's application for disability insurance benefits, summary

judgment in favor of the Secretary is AF-FIRMED.