IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40329
Summary Calendar

_____

FREDDIE A. CASON,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:97-CV-368
--------------------
February 4, 2000

Before REAVLEY, SMITH and DENNIS, Circuit Judges.

PER CURIAM:*

Freddie Cason has appealed the district court's order affirming the decision of the Commissioner of Social Security denying his claim for disability benefits. Cason first contends that the Commissioner erred in failing to credit his subjective complaints of pain and of the debilitating adverse effects of his medications. He argues that, owing to the long period during which his claim was pending, a proper evaluation of the claim requires that it be broken down into two parts. The first is the two-year period immediately following his neck injury in 1986

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

when he was disabled by the injury itself; the second is the four-year period after 1988 when he was disabled, not by the injury, but by the adverse effects of his pain medications. Cason also argues that the Commissioner's determination that he retained the residual functional capacity for light sedentary work is flawed because it fails to consider whether Cason was capable of performing such work during the four-year period when he was debilitated by the adverse effects of his medications.

Cason disputes the district court's conclusion that the doctrine of administrative waiver deprived it of jurisdiction to consider his argument that he was disabled for closed periods during the nine years following his neck injury. Because we find that the Commissioner determined that he was not disabled at any point during this nine-year period, however, we presume that the Commissioner considered this claim.

Based upon a careful review of the record, the briefs, and applicable law, we conclude both that there was substantial evidence in the record to support the Commissioner's decision that Cason was not disabled at any point during the relevant period and that the Commissioner used proper legal standards in evaluating the evidence. See Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). The district court's judgment is AFFIRMED.