IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10193
Summary Calendar

_____

MARY R. JOHNSON,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:98-CV-150-BD
---------------------
September 27, 2000

Before JOLLY, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[1]

Mary R. Johnson appeals the magistrate judge's judgment affirming the Commissioner of Social Security's final decision denying her applications for disability insurance benefits and Social Security Income. Johnson contends that substantial evidence does not exist in the record to support the Commissioner's decision. Having reviewed the entire record, we find that the decision was supported by substantial evidence and the proper legal standards were used in evaluating the evidence. *See Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Johnson contends that substantial evidence does not exist to support the Commissioner's determination that she did not meet the listing for "somatoform disorder." She asserts that the Administrative Law Judge ("ALJ") did not explain the basis for his finding that a listing had not been met and did not rely on the opinions of treating and examining physicians.

The ALJ is entitled to determine the credibility of medical experts and to weigh their opinions accordingly. *Scott v. Heckler*, 770 F. 2d 482, 485 (5th Cir. 1985). The ALJ may disregard statements that are brief and conclusional, that are not supported by medically acceptable clinical laboratory techniques, and that are otherwise unsupported by the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994).

At least one examining physician concluded that Johnson did not meet all the requirements for the listing of somatoform disorder. The medical expert testified that Johnson did not meet the listing. The record did not support Johnson's assertion concerning her treating physician.

Johnson contends that substantial evidence does not exist to support the Commissioner's determination that she can return to her prior work. Johnson contends that the ALJ's findings did not include any limitation as to stress and did not mention the limitations identified by an examining physician.

If the ALJ finds that a person is capable of performing the work she has done in the past, "a finding of 'not disabled' must be made." *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).

The claimant has the burden of proving that she cannot perform her prior work. *See id.* at 1023. In determining that a claimant can perform work, the ALJ may rely on a non-examining physician's assessment provided the assessment is based on a careful evaluation of the medical evidence and does not contradict findings made by an examining physician. *Id.* at 1024.

The ALJ relied on the medical expert's testimony that discounted an examining physician's finding that Johnson could not work. Another examining physician noted that Johnson had moderate limitations in some areas, but found no marked limitations and did not conclude that Johnson could not work. Johnson's examining physicians noted that Johnson exhibited unrealistic or excessive responses concerning her social and occupational abilities. Johnson did not prove that she was unable to return to her previous work. The ALJ relied on medical expert testimony, which was not contradictory to medical findings documented in the record. *See Villa*, 895 F.2d at 1022. Accordingly, the Commissioner's decision denying benefits is AFFIRMED.