IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30115
Summary Calendar

_____

SHELBY WILLIAMS,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,

Defendant-Appellee.

-------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-2119
-------------------------------------------------------------
October 6, 2000

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

Shelby Williams appeals from the district court's denial of his petition seeking review of the

Commissioner of Social Security's decision denying supplemental security income and disability

insurance benefits. He contends that the Administrative Law Judge ("ALJ") erred by determining that

he has the residual functional capacity to perform his past relevant work as a welder/pipefitter and

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

erred by failing to order a further consultative mental examination to more fully develop the record on the effect his intermittent explosive disorder has on his ability to work.

Substantial evidence supports the ALJ's determination that Williams retained the residual functional capacity to perform a wide range of medium work and in particular to perform the physical and mental demands of his past relevant work. See Leggett v. Chater, 67 F.3d 558, 564-65 (5th Cir. 1995). Since the ALJ's determination was based on Williams's description of his past work as he actually performed it, the testimony of a vocational expert was unnecessary. See Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990). Even if Williams's past work was a "composite job" having significant elements of sedentary, light, and medium work, the available documentation was sufficient to determine how his job was usually performed, and it was therefore unnecessary to obtain expert vocational testimony. See Social Security Ruling 82-61 (1982).

Williams has not shown that an additional consultative mental examination was necessary or that the ALJ abused her discretion in denying his request for an examination. See Pierre v. Sullivan, 884 F.2d 799, 802 (5th Cir. 1989).

Because the ALJ's conclusion that Williams was not disabled is supported by substantial evidence and resulted from the application of proper legal standards, the district court's judgment denying Williams's petition is AFFIRMED.