# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 02-50155
Summary Calendar

---

WILLIE V. BROADNAX,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-00-CV-830-AA

---

October 29, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Willie Broadnax appeals from the district court's judgment affirming the denial of his application for Supplemental Security Income ("SSI") benefits. The administrative law judge ("ALJ") determined that the record did not support Broadnax's subjective complaints of pain and that Broadnax was not prevented from performing light, unskilled work available in the national economy. Broadnax argues that (1) the ALJ improperly weighed the evidence and Broadnax's credibility; (2) the case should be remanded for a finding that Broadnax suffers from a "listed" impairment; (3) the ALJ failed to consider the combined effects of Broadnax's impairments; and

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(3) the ALJ improperly relied on the Medical-Vocational Guidelines ("grids") to find that there was light, unskilled work available for Broadnax to do.

Our review "is limited to determining whether the [ALJ's] decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 1021-22 (internal quotation and citation omitted). We may neither reweigh the evidence nor substitute our judgment for that of the Commissioner. Id. The record shows that the ALJ's conclusions were supported by substantial evidence in the record and that the ALJ applied no incorrect legal standard.

Broadnax contends that the ALJ gave improper weight to the evidence in several instances. The ALJ did not err in discrediting Broadnax's complaints of pain and functional incapacity. Statements by Broadnax's treating physicians suggested that (1) there were no objective manifestations that would justify Broadnax's complaints of severe pain; (2) Broadnax exaggerated his pain symptoms; and (3) doubts about Broadnax's malingering and poor motivation clouded the results of psychological examinations. Broadnax's contention lacks merit because there was substantial evidence in the record to support the ALJ's findings and "the task of weighing the evidence is the province of the ALJ." See Chambliss v. Massanari, 269 F.3d 520, 523 (5th Cir. 2001).

Broadnax claims that the ALJ improperly discounted his credibility. The ALJ determined that Broadnax was not credible based on her own observations and the record evidence indicating that Broadnax exaggerated symptoms and aroused suspicions of malingering. The ALJ's credibility determinations are entitled to great deference and will not be disturbed in this case. See Newton v. Apfel, 209 F.3d 448, 459 (5th Cir. 2000); Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994).

Broadnax asserts that this court should remand his case for a finding that Broadnax had a listed psychological impairment. We need not consider this claim because it is raised for the first time on appeal. Chambliss, 269 F.3d at 523.

Broadnax contends that the ALJ failed to consider the combined effects of his impairments. The record shows that the ALJ considered Broadnax's combined impairments and even found that Broadnax was suffering from a "severe" impairment or combination of impairments. Nonetheless, the ALJ concisely discounted the impairments and determined that they did not prevent Broadnax from doing light, unskilled work. Broadnax fails to support his argument by explaining how any combination of impairments specifically affects his ability to work.

Broadnax contends that the ALJ improperly relied on the grids to determine the availability of work because Broadnax suffers from nonexertional impairments that "dramatically limit" his ability to work. See 20 C.F.R. Part 404, Subpt. P, App. 2, § 202.10. The ALJ rejected Broadnax's claims of any significant psychological or pain-induced nonexertional impairment. The ALJ therefore properly relied on the grids because Broadnax failed to show the existence of a nonexertional impairment that "significantly affect[ed] his residual functional capacity." See Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987).

The ALJ's decision was based on substantial evidence in the record and the proper legal standards. The judgment of the district court is AFFIRMED.