IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10834
Summary Calendar

_____

HOWARD R. CANNON,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-503
--------------------
February 12, 2003

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Plaintiff-Appellant Howard Cannon appeals from the district court's judgment affirming the denial of his application for Social Security Disability Income Benefits (DIB). The administrative law judge (ALJ) determined that Cannon was not prevented from performing light, unskilled work available in the national economy. Cannon argues that the there was insufficient evidence of "light work" that Cannon could perform.

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Our review "is limited to determining whether the [ALJ's] decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). The record shows that the ALJ's conclusions were supported by substantial evidence in the record and that the ALJ applied no incorrect legal standard.

Cannon contends that the vocational expert (VE) that the ALJ relied upon identified only "sedentary" work so that the ALJ should have applied Rule 201.14 of the Medical-Vocation Guidelines (Guidelines) and determined that Cannon was disabled. The ALJ expressly found, and Cannon acknowledges, that his functional capacity places him in between an ability to do sedentary work and light work. Because of Cannon's "in between" status, exclusive reliance on a particular Guideline Rule was precluded, and the ALJ properly used a light-work Guideline Rule in conjunction with the VE's opinion to determine whether there was work in the national economy that Cannon could perform. See Bowling v. Shalala, 36 F.3d 431, 435 (5th Cir. 1994); Guideline Rule 200.00(e)(2). Moreover, the jobs the VE identified were not sedentary jobs. The ALJ asked to VE to identify work in accordance with Cannon's "in between" capacity and the VE did so.

Cannon also contends that the jobs the VE identified lacked sufficient exertional requirements to be deemed "light work" so that the VE failed to identify "light work" that Cannon could perform. In essence, Cannon argues that the jobs were too easy.

2

The VE identified jobs in accordance all of the restrictions reasonably recognized by the ALJ, and Cannon's attorney was allowed to question the VE thoroughly about the hypothetical question. Thus, the ALJ was entitled to rely upon the testimony and conclusions of the VE. <u>Bowling</u>, 36 F.3d at 436; <u>Boyd v. Apfel</u>, 239 F.3d 698, 706-07 (5th Cir. 2001).

Of most significance, Cannon does not contend in this court that he is unable to perform the jobs identified by the VE. After the ALJ identified suitable work in the national economy, Cannon failed to bear his burden of showing that he could not do the work. <u>See</u> <u>Fraga v. Bowen</u>, 810 F.2d 1296, 1302 (5th Cir. 1987).

The ALJ's decision was based on substantial evidence in the record and the proper legal standards. The judgment of the district court is AFFIRMED.

JUDGMENT AFFIRMED.