**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 28, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30011
Summary Calendar

_____

LEROY COLE,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-32
--------------------

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Leroy Cole appeals the district court's judgment that
affirmed the Commissioner of Social Security's final decision
denying his application for disability insurance benefits.
The motion to attach an appendix to the reply brief is GRANTED.

We review the denial of disability insurance benefits to
determine whether the Commissioner applied the proper legal
standards and whether the Commissioner's decision is supported

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

by substantial evidence on the record as a whole. <u>Anthony</u> <u>v. Sullivan</u>, 954 F.2d 289, 292 (5th Cir. 1992). Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion <u>Villa v. Sullivan</u>, 895 F.2d 1019, 1021-22 (5th Cir. 1990). We do not reweigh the evidence or try the issues <u>de novo</u>. <u>Id.</u> at 1022.

Cole first contends that the administrative law judge ("ALJ") did not evaluate the severity of his IQ impairment, did not include the IQ impairment in the decision, and did not consider the IQ impairment in conjunction with his other impairments. Cole states that he "could have possessed a per se disabling impairment."

The record shows that the ALJ used the proper standard to determine whether Cole's alleged impairments were of a severity to impose significant restrictions on Cole's ability to perform basic work activities. <u>See</u> 20 C.F.R. § 404.1520(c); <u>Leidler</u> <u>v. Sullivan</u>, 885 F.2d 291, 292 (5th Cir. 1989). The ALJ considered Cole's intellectual ability in conjunction with his other impairments and rejected, in light of Cole's work history, the IQ score as indicative of mental retardation. <u>See</u> <u>Johnson</u> <u>v. Bowen</u>, 864 F.2d 340, 347-48 (5th Cir. 1988). Cole did not demonstrate that he met a listed impairment. <u>See</u> 20 C.F.R. 404, Subpt. P, App. 1, § 12.05. Substantial record evidence supports the ALJ's decision. <u>Villa</u>, 895 F.2d at 1021-22.

Cole next contends that the ALJ erroneously relied on VE testimony based on a defective hypothetical in determining that he could perform other work existing in the national economy. In the alternative, Cole asserts that the ALJ erroneously relied solely on the medical vocational guidelines ("Guidelines").

The ALJ's decision does not demonstrate reliance on vocational expert testimony. The ALJ may rely exclusively on the Guidelines in determining whether there is other work available that the claimant can perform when the claimant suffers only from exertional impairments or his non-exertional impairments do not significantly affect his residual functional capacity. Selders v. Sullivan, 914 F.2d 614, 618 (5th Cir. 1990). Sufficient evidence in the record supports the ALJ's decision that Cole's non-exertional impairments of low verbal IQ and assertions of illiteracy did not have a significant effect on his residual functional capacity. Villa, 895 F.2d at 1021-22. Because Cole's exertional impairments and his IQ and literacy non-exertional impairments were determined not to significantly affect his residual functional capacity, the ALJ did not err by relying exclusively on the Guidelines. See Selders, 914 F.2d at 618.

Finally, Cole contends that his case must be remanded under Watson v. Barnhart, 288 F.3d 212 (5th cir. 2002), for a determination whether he is capable not only of obtaining employment but also of maintaining employment. We have rejected the notion that the ALJ must, in every case, make a determination

on the claimant's ability to maintain employment. <u>Frank</u> <u>v. Barnhart</u>, ___ F.3d ___, 2003 WL 1534379 (5th Cir. Mar. 25, 2003). Cole has not established the factual predicate required by <u>Watson</u> to necessitate a separate finding on his ability to maintain employment. <u>Frank</u>, 2003 WL 1534379 at *1.

AFFIRMED; MOTION GRANTED.