United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 30, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

————————————————

No. 02-61038
Summary Calendar

————————————————

TYREE W. BROWN,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:01-CV-323
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tyree W. Brown appeals the district court's judgment that

affirmed the decision of the Commissioner of Social Security

denying disability benefits. Brown does not assert that the

Commissioner applied incorrect legal standards or that the record

lacks substantial evidence to support the Commissioner's decision

to deny benefits. Brown does not challenge any specific finding

by the Administrative Law Judge ("ALJ") concerning his ailments,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his credibility, his residual functional capacity, or his ability to perform work.

Our review is limited to determining whether the Commissioner applied the proper legal standards and whether the decision is supported by substantial evidence on the record as a whole. Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Villa v. Sullivan, 895 F.2d 1019, 1021-22 (5th Cir. 1990). We may not reweigh the evidence or try the issues de novo. Id. at 1022. The record shows that the ALJ applied the proper legal standards and that the Commissioner's decision is supported by substantial evidence. Anthony, 954 F.2d at 292.

Brown asserts that on October 17, 2000, he satisfied the criteria for a listed mental impairment. The record is devoid of evidence that Brown met a listed mental impairment.

Brown contends that the ALJ erred when he considered the report of clinical psychologist J.D. Matherne. Brown argues that his ailments are psychiatric in nature and that Matherne was acting beyond the scope of his area of expertise.

A claimant must establish medical evidence of a medical impairment through reports of clinical signs, symptoms and/or laboratory or psychological test findings. 20 C.F.R. Pt. 220, App. 1, § 12.00B. Such documentation may be obtained from evaluations made by a psychiatrist or a psychologist. Id.

Brown contends that the Appeals Council erred when it determined that additional medical evidence submitted by Brown did not provide grounds for a reversal of the ALJ's decision. Brown does not explain how these reports substantiate his claims that he suffered from a disability during the pertinent period. A review of the reports does not provide any support for Brown's claims. Brown has not shown error in the Appeals Council's conclusion.

Brown argues that he is entitled to retroactive benefits because the Commissioner subsequently found him disabled based on evidence that was the same as or similar to the evidence that Brown provided with his previous disability application. Brown does not offer any evidence that the current disability did not result from deterioration of a condition that was not previously disabling. Leggett v. Chater, 67 F.3d 558, 567 (5th Cir. 1995). The record does not include any documentation concerning the reason for the subsequent grant of benefits, and Brown's brief is devoid of any such information. Accordingly, the judgment of the district court is AFFIRMED.