United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 02-31165
Summary Calendar

———————————————

NAOMI R. WILLIAMS,

                                        Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-1042
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Naomi R. Williams appeals the district court's judgment that affirmed the decision of the Commissioner of Social Security denying disability benefits.  Our review is limited to determining whether the Commissioner applied the proper legal standards and whether the decision is supported by substantial evidence on the record as a whole.  Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992).  Substantial evidence is such relevant

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence as a reasonable mind might accept as adequate to support a conclusion. Villa v. Sullivan, 895 F.2d 1019, 1021-22 (5th Cir. 1990). We may not reweigh the evidence or try the issues de novo. Id. at 1022. The record shows that the ALJ applied the proper legal standards and that the Commissioner's decision is supported by substantial evidence. Anthony, 954 F.2d at 292.

Williams argues that the Commissioner failed to consider her obesity when she determined that Williams could perform her past relevant work. Because obesity was one of Williams's asserted claims for disability and because the Commissioner found that Williams had a combination of impairments considered "severe", Williams's argument is unavailing. Loza v. Apfel, 219 F.3d 378, 393 (5th Cir. 2000) (citing 20 C.F.R. § 404.1523).

She also argues that the Commissioner erred by failing to conduct a function-by-function analysis in light of all Williams's impairments. Although the Commissioner did not consider each function of Williams's past work, there was no conflicting evidence and substantial evidence supported the Commissioner's finding. Myers v. Apfel, 238 F.3d 617, 620 (5th Cir. 2001); see also Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988).

AFFIRMED.