United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30341
Summary Calendar
_____

ARNOLD E. LEE,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-2137
---------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Arnold E. Lee appeals the district court's judgment

affirming the Commissioner's decision to deny his applications

for disability benefits and supplemental security income.  Lee

argues that the district court erred in light of the

administrative law judge's (ALJ's) failure to observe, upon

remand, the specific directive from the Appeals Council to obtain

evidence from a vocational expert to determine whether he had

transferable skills, and the ALJ's alleged dismissal of the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

opinion of his treating orthopedic surgeon in favor of the opinions of other physicians less familiar with his case.

The ALJ found, based on the evidence presented, that vocational evidence was not warranted. Specifically, she noted there was no need to consult a vocational expert because direct application of a medical-vocational rule was possible. Given the ALJ's finding that any alleged nonexertional limitations resulting from pain were insufficient to significantly affect Lee's residual functional capacity to perform medium work, the use of the guidelines was appropriate. See Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987).

The objective evidence in the record supports the ALJ's decision that Lee can perform medium work and that the use of a vocational expert was therefore not required. None of the three orthopaedic surgeons who saw Lee were of the opinion that there was no work he could perform. All three opined that he could perform some type of work, and the consensus was that he could lift 35 pounds but should not bend or twist. The ALJ's conclusion that Lee could perform medium work is consistent with these findings.

Lee argues that the ALJ erred in failing to observe the opinion of Dr. Brown, his treating orthopaedic surgeon and that the ALJ's decision is supported only by her interpretation of one orthopedic visit to Dr. Spohn for an evaluation. This assertion is not supported by the record. As already noted, the opinions

of the three surgeons were not significantly different.  None of them expressed the opinion that Lee could not work at all.

Because substantial evidence of record supports the ALJ's decision to deny benefits, the district court's decision is hereby affirmed.  See Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990).

AFFIRMED.