United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11513
Summary Calendar

JOE R. GLASS,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CV-53-Y

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

An administrative law judge ("ALJ") conducted a hearing on the denial of appellant Glass' claim for disability benefits under Title II of the Social Security Act. The state agency's reviewing physician found that Glass could perform medium work. The ALJ reduced that designation, finding that Glass was only capable of light work.[1] Although Glass' impairments were severe, the ALJ

---

[*] Pursuant to the 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Glass is a 53 year old man who suffers from ankylosing spondylitis, colitis, irritable bowel syndrome, atrial fibrillation, recurrent kidney stones, and renal insufficiency, among other ailments. He retired for medical reasons from his position as a senior regulatory specialist in the oil and gas industry.

found that they did not meet or equal the criteria of any listed impairment, necessary to receive disability benefits.[2]  Moreover, the ALJ found that Glass was capable of performing his past relevant work and, therefore, was not disabled for purposes of the Act.[3]

In so deciding, Glass objected to the ALJ's reliance on the expert testimony of Dr. Weilepp, a non-examining physician.[4]  The Appeals Council denied his petition for review, adopting the ALJ's opinion as the final decision, and Glass then filed a timely request for judicial review.  The district court adopted the Magistrate Judge's recommendation and entered final judgment against Glass.  Glass asserts the same errors on appeal: that the record was not adequately developed and that the ALJ's decision is not supported by substantial evidence.  Additionally, Glass avers that the district court impermissibly upheld the Commissioner's

---

[2]  To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed.  First, the claimant must not be presently working at any substantial gainful activity.  Second, the claimant must have an impairment or combination of impairments that is severe.  Third, disability will be found if claimant's impairment or combination of impairments meets or equals an impairment listed in the appendix to the regulations.  Fourth, if disability cannot be found on the basis of claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work.  Fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity, age, education, and past work experience.  20 C.F.R. § 404.1520.

[3]  Relying on the testimony of a vocational expert, the ALJ found that Glass' previous work did not exceed his limitations, as described by Dr. Weilepp based on the assessment of Glass' medical history in the record.

[4]  Even though the ALJ changed the determination in Glass' favor and a reversion to the state agency's assessment would not help Glass, he contends that, in any event, he lost full and meaningful review of the initial determination.  Additionally, Glass objects to Dr. Weilepp as an expert witness because of an alleged conflict of interest and since he allegedly lacks the requisite experience due to a twelve year hiatus from the practice of medicine.

decision based on the *post hoc* arguments presented by counsel.

We review the Commissioner's decision independently and without assumption that the district court acted correctly.[5] A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole.[6] Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion; it is more than a mere scintilla and less than a preponderance of the evidence.[7] A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.[8] This Court does not re-weigh the evidence and will not substitute its judgment for that of the Commissioner.[9]

Glass argues that record was not sufficiently developed because the ALJ failed to request a physical examination by a practicing physician, from which a first-hand determination about his work-related limitations could be made. Having only reviewed the copious exhibits and evidence, Dr. Weilepp never personally examined Glass. Therefore, Glass argues that this reliance on Dr. Weilepp's expert opinion, lacking a first-hand assessment, deprived

---

[5] *Dorsey v. Heckler*, 702 F.2d 597, 603 (5th Cir. 1983).

[6] *Legget v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

[7] *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

[8] *Id.*

[9] *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Glass of a *de novo* hearing[10] and that the ALJ merely relied upon the evidence before the state agency.[11] Glass argues that the record does not contain any conclusions as to the claimant's functional limitations due to his illnesses; rather, the record consists of clinical notes and raw medical data, providing no conclusions as to the extent of his capacity for work. As such, Glass contends that Dr. Weilepp's opinion cannot form the sole basis of the determination of work capacity because he, himself, never physically examined Glass. This argument lacks merit.[12]

It is true that if the ALJ determines that the record is not sufficiently developed with evidence from treating physicians, the ALJ should seek clarification from a physician that has examined the claimant.[13] An ALJ has a duty to develop the facts fully and fairly, and if he does not satisfy this duty, his decision is not substantially justified.[14] Moreover, the opinion of a non-examining

---

[10] Prior administrative determinations are not binding on the ALJ. 20 C.F.R. § 404.905 (initial determinations are binding unless reconsideration is requested, § 404.921(a) (reconsidered decisions are binding unless an ALJ hearing is requested, and § 404.1527(f)(2)(i) (ALJ's "are not bound by any findings made by State agency medical or psychological consultants").

[11] Glass does not point to any instances in which the ALJ deferred to prior administrative determinations. In fact, the record was supplemented just prior to the hearing before the ALJ, and, consequently, the ALJ considered evidence not available at the previous administrative hearings. Glass did not object to the inadequacy of the record before the ALJ.

[12] An ALJ has no affirmative duty to redevelop the record, where the record substantially supports the ruling. It is unchallenged that the record in the present case includes evidence provided by examining physicians; it is not incumbent upon the system to automatically order new medical examinations at each stage of the appeal process in order to provide a full and fair review.

[13] *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).

[14] *Id*. at 458 (5th Cir. 2000).

physician cannot cure an incomplete record.[15]  Glass, however, concedes that the regulations permit the ALJ to use the testimony of a non-examining physician in assessing the nature and severity of the claimant's impairments.[16]  While it is true that an ALJ should have a treating physician's opinion, detailing the claimant's capacity to work, the absence of such a statement does not automatically invalidate an ALJ's decision.[17]  The proper inquiry, thus, delves into the substantiality of the evidence on record to support the ALJ's ruling.[18]

Accordingly, Glass contends that the ALJ inappropriately relied on Dr. Weilepp's opinion because it conflicted with the evidence on record.  Other than restating the evidence contained in the record, Glass provides no evidence of conflict between Dr. Weilepp's testimony and that of prior examining physicians. Likewise, Glass does not provide any evidence-or even point to the alleged *post hoc* arguments-to support his conclusory assertion of such error.  The circumstances of the present case do not run afoul of the admonition against the use of  "circuit-riding doctors who

---

[15]  *Id.*

[16]  20 C.F.R. 404.1527(f)(2)(iii); *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (stating that an ALJ may rely on a non-examining physician's assessment when those findings are based upon careful evaluation of the medical evidence and do not contradict those of an examining physician).

[17]  Moreover, Glass must demonstrate and makes no showing that the ALJ's failure to request additional information from a treating source prejudiced his case.  *See Newton*, 209 F.3d at 458.

[18]  *Ripley*, 67 F.3d at 557-58.

never see or examine claimants to defeat their claims."[19]  Having thoroughly reviewed the record, we find that it is amply developed and that Glass' residual functional capacity, as determined by the ALJ, is supported by substantial evidence on the record as a whole.[20]

AFFIRMED.

[19] *Richardson v. Perales*, 91 S.Ct. 1420, 1432-33 (1971) (Douglas, J., dissenting).

[20] Additionally, Glass' two challenges to the use of Dr. Weilepp as an expert witness also lack merit.  Not only did Glass not initially object to Dr. Weilepp as an expert witness until after his testimony was taken, but there is no evidence that Dr. Weilepp, as an independent contractor, ever worked on Glass' case while temporarily employed by Cigna, Glass' insurer.  Second, Dr. Weilepp's expertise is not discredited, as a matter of law, simply by his lack of recent practice.