United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-31158
Summary Calendar

GARY SMITH,

Plaintiff-Appellant,

versus

JO ANNE B BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-539
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gary Smith appeals the affirmance of the Social Security Commissioner's denial of his application for Supplemental Security Income (SSI). He argues that the district court erroneously concluded the he was not disabled within the meaning of the Social Security Act because (1) his impairment meets or exceeds the impairment listed at 20 C.F.R. 404, Subpt. P, App. 1, § 12.06 for an anxiety disorder, and (2) his impairment makes him unable to work. Substantial evidence in the record supports the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ALJ's conclusion that Smith could not meet or exceed the listed impairment because there was no evidence that Smith experienced two of the conditions of 20 C.F.R. 404, Subpt. P, App. 1, § 12.06B.

Regarding Smith's allegation that he is unable to work, the ALJ found Smith's subjective complaints of functional limitations to lack credibility. Because this finding is supported by substantial record evidence, it is entitled to judicial deference. See Villa v. Sullivan, 895 F.2d 1019, 1024 (5th Cir. 1990). Moreover, the vocational expert testified that a person with Smith's age, education, and impairment could work at one of over 50,000 jobs in Louisiana. Thus, the ALJ's conclusion that Smith could work is supported by substantial evidence. See Masterson v. Barnhart, 309 F.3d 267, 273-74 (5th Cir. 2002).

Smith also argues that his case should be remanded based on new material evidence that reveals that he is disabled. Smith has not shown that the new evidence relates to the time period for which benefits were denied, reveals more than a deterioration of his impairments that were previously found not to be disabling, or would have changed the outcome of the Commissioner's determination. Accordingly, no remand is warranted based on the new evidence Smith submitted. See Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995); Leggett v. Chater, 67 F.3d 558, 567 (5th Cir. 1995). The judgment of the district court is AFFIRMED.