# United States Court of Appeals for the Fifth Circuit

No. 20-30682
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2022

Lyle W. Cayce
Clerk

Alric Desmond Ackerson,

*Plaintiff—Appellant*,

*versus*

Kilolo Kijakazi, *Acting Commissioner of Social Security*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-9158

Before Elrod, Oldham, and Wilson, *Circuit Judges.*

Per Curiam:*

Alric Desmond Ackerson moves for leave to appeal in forma pauperis (IFP) from the district court's summary judgment dismissing his action under 42 U.S.C. § 405(g) in which he challenged a decision by an Administrative Law Judge (ALJ) denying Social Security Disability

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Insurance Benefits. We GRANT the IFP motion, but the district court's judgment dismissing the action must be affirmed.

Our review "is limited to determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990) (appeal of summary judgment). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1021-22 (internal quotation and citation omitted). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist in the record to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988).

On appeal, Ackerson argues that the ALJ "cherry picked" the evidence and thus misconstrued his claim and the evidence and failed to properly evaluate his subjective testimony in light of other evidence about the pain resulting from the peripheral neuropathy caused by his diabetes. He also asserts that his peripheral neuropathy meets the legal definition of a listed impairment under Listing 11.14 of 20 C.F.R. Part 404, Subpart P, Appendix 1. However, the ALJ not only considered the neuropathy but also found that it was severe enough to reduce Ackerson's capacity to do all but sedentary work. Ackerson's contention is thus merely a disagreement with the ALJ's weighing of the evidence, and he fails to show that the ALJ applied an improper legal standard or that the ALJ's decision was not supported by substantial evidence. *See Villa*, 895 F.2d at 1022; *see also Johnson*, 864 F.2d at 343; *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988). The district court's judgment is AFFIRMED.