# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 30, 2024

Lyle W. Cayce
Clerk

No. 23-30702

Shaquita Thompson,

*Plaintiff—Appellant*,

*versus*

Social Security Administration, *Martin O'Malley, Commissioner*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-2149

Before Jones, Clement, and Wilson, *Circuit Judges*.

Per Curiam:[*]

The Social Security Administration denied Shaquita Thompson's claim for disability insurance benefits and supplemental security income. Thompson sought judicial review and the district court dismissed her complaint. We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Thompson, a former housekeeper, alleges that she has been disabled since June 16, 2020, due to back issues, peripheral neuropathy, sciatica, spinal cord degeneration, diabetes, high blood pressure, arthritis, and high cholesterol. After holding a hearing, a Social Security Administration (SSA) Administrative Law Judge (ALJ) determined that Thompson was not disabled within the meaning of the Social Security Act.[1] Relevant here, the ALJ found that, although Thompson could not perform the work that she had done in the past, Thompson had the ability to perform a range of sedentary work subject to certain limitations. The ALJ considered the medical opinions of three doctors when assessing Thompson's residual functional capacity (RFC): Drs. Karl Boatman, Charles Gruenwald, and Michael Day.[2] After the SSA Appeals Council declined to review the ALJ's decision, Thompson sought judicial review in district court. Upon recommendation from a magistrate, the district court upheld the ALJ's decision. Thompson appeals.

Our review of a final SSA decision is limited to "whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *see also* 42 U.S.C. § 405(g). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficient evidence' to support the

---

[1] The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). The SSA uses a five-step process to evaluate whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[2] "[R]esidual functional capacity is the most [a person] can still do despite [his or her] limitations," 20 C.F.R. § 404.1545(a)(1), and is used at the fourth and fifth steps of the SSA's disability assessment, which consider whether the applicant can do his or her past work or other work, 20 C.F.R. §§ 404.1520(a)(4)(iv)–(v), 416.920(a)(4)(iv)–(v).

agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (alteration adopted and citation omitted). "[T]he threshold for such evidential sufficiency is not high"—it "is more than a mere scintilla." *Id.* (quotation marks and citation omitted).

Thompson raises one argument on appeal: she contends that the SSA failed to properly consider the medical opinion of Day when assessing Thompson's RFC. Specifically, she takes issue with the ALJ's decision not to incorporate Day's conclusions that Thompson could stand and walk for less than two hours per workday and could lift and carry less than ten pounds into the RFC assessment.

But the record shows that the ALJ *did* consider Day's opinion and, in fact, incorporated elements of it in the RFC assessment. Under the SSA regulations, an ALJ must articulate how persuasive he or she finds medical opinions and prior administrative medical findings in the record. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). When making these findings, the ALJ considers several factors including, most importantly, supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The supportability factor addresses the objective medical evidence and explanation the medical source provides in support of an opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor focuses on the degree to which a medical opinion is consistent with other record evidence. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

The ALJ complied with these regulations in the decision, finding that Day's opinion was generally "supported by his detailed report documenting his findings and observations" but "some of his [conclusions] [were] not entirely consistent with his own findings or with the other substantial evidence of record." The ALJ noted, for instance, that Day's own notes showed that Thompson had intact arm strength and normal shoulders,

elbows, and wrists, which contradicted Day's finding that Thompson could not lift more than ten pounds. The ALJ also explained that Day's standing, walking, lifting, and carrying restrictions were inconsistent with other clinical findings and examination notes during the relevant period, which showed that Thompson retained normal motor strength in her arms and legs, displayed a normal range of motion, and was neurologically intact. Nonetheless, the ALJ still adopted some of Day's opinion in the RFC determination, which restricted Thompson to a range of sedentary work while using an assistive device to walk, stand, and balance with no working at unprotected heights.

Thompson argues that the evidence the ALJ cited about Thompson's arm strength was "entirely irrelevant" to her claim because she was not alleging any impairment affecting her arms. But Thompson's ability to lift and carry was relevant because it is a key component in the RFC analysis. 20 C.F.R. §§ 404.1545(b), 416.945(b) ("A limited ability to perform certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions . . . may reduce your ability to do past work and other work.").

Thompson also contends that the ALJ erred by accepting Gruenwald's opinion over Day's because Gruenwald was a "non-examining plastic surgeon." But this argument fails too. Thompson offers no support for her contention that Gruenwald's specialty as a plastic surgeon is disqualifying. To the contrary, because Gruenwald was a state agency consultant, the SSA regulations *required* the ALJ to consider Gruenwald's findings. 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1). In any event, the ALJ only found Gruenwald's opinion partly persuasive, rejecting Gruenwald's

conclusion that Thompson could perform a limited range of "light" work instead restricting Thompson to a reduced range of sedentary work.[3]

At bottom, Thompson essentially asks this court to reweigh the evidence in her favor. But that's not something that we are empowered to do under our limited standard of review. *See Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) ("We will not re-weigh the evidence, try the questions *de novo*, or substitute our judgment for the Commissioner's . . ."). The ALJ was not required to base Thompson's RFC on any particular medical opinion. *See Webster v. Kijakazi*, 19 F.4th 715, 718–19 (5th Cir. 2021) ("ALJs are no longer required to give controlling weight to a treating physician's opinion . . . . [A]n ALJ instead considers a list of factors in determining what weight, if any, to give a medical opinion."). The record shows that, consistent with the SSA regulations, the ALJ considered the relevant evidence when assessing Thompson's RFC, incorporating Day's opinion, as well as portions of Boatman's and Gruenwald's findings, and resolved the conflicts between the sources.

AFFIRMED.

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). Sedentary work involves work performed primarily in the seated position, with lifting of no more than 10 pounds at a time and occasional standing and walking. 20 C.F.R. §§ 404.1567(a), 416.967(a)